UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SERGEI VASENIN,

      Petitioner,

      v.                                                                          CAUSE NO. 3:25-CV-895 DRL-SJF

BRIAN ENGLISH, SAM OLSON, TODD
LYONS, KRISTI NOEM, and PAMELA
JO BONDI,

      Respondents.

ORDER TO SHOW CAUSE

Sergei Vasenin, an immigration detainee through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241(a) seeking an order directing respondents to release him from custody. Mr. Vasenin is a citizen of Russia. He alleges that, on October 21, 2022, he applied for admission at a port of entry and requested entry to seek asylum. After a credible fear interview, Mr. Vasenin was admitted to the United States, issued a notice to appear, and was released from custody under parole. On July 10, 2025, an immigration judge denied his asylum application and ordered him removed from the United States.

Mr. Vasenin appealed the decision to the Board of Immigration Appeals (BIA), but the appeal was rejected for procedural reasons. So, on August 15, 2025, he re-filed the appeal and included a motion to accept a late filing. The BIA accepted his appeal and issued a notice of receipt of appeal on August 18, 2025. The appeal remains pending.

Mr. Vasenin was arrested by United States Immigration and Customs Enforcement (ICE) officials on October 14, 2025 and remanded into custody pending his

removal to Russia (or Ukraine). He argues his detention is unlawful because he has no final order of removal that would authorize detention under 8 U.S.C. § 1231. Mr. Vasenin believes he is being detained as an "arriving alien" who is an "applicant for admission" and subject to mandatory detention under 8 U.S.C. § 1225 and the recent BIA matter, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Mr. Vasenin argues he is not an applicant for admission, so there is no other basis to detain him.

The court has subject matter jurisdiction under § 2241 to review the legality of Mr. Vasenin's detention, but not to review orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, the issue is limited to whether statutory authority exists for his detention or whether it is unlawful.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the Chicago ICE Field Office at the Office of General Counsel; and (d) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk immediately to email or otherwise deliver a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the respondents to file a response to the petition by **November 12, 2025**, with any reply due **November 19, 2025**.

SO ORDERED.

November 4, 2025                         *s/ Damon R. Leichty*
                                        Judge, United States District Court