UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SERGEI VASENIN, <br><br> Petitioner, <br><br> v. <br><br> BRIAN ENGLISH, SAM OLSON, TODD LYONS, KRISTI NOEM, ad PAMELA JO BONDI, <br><br> Respondents. | CAUSE NO. 3:25-CV-895 DRL-SJF |

## OPINION AND ORDER

Immigration detainee Sergei Vasenin, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), seeking an order directing respondents to release him from custody. The government (named as respondents) filed a response, and Mr. Vasenin filed his traverse. The petition is ready to be decided.

Mr. Vasenin is a Russian citizen who arrived in the United States at the San Ysidro, California port of entry in October 2022. He requested entry to seek asylum and was detained by the United States Department of Homeland Security (DHS). He was given a credible fear interview and then released from custody under humanitarian parole, which expired in October 2023.

When he was released, he was issued a notice to appear to start removal proceedings. On July 10, 2025, an immigration judge denied his application for asylum and ordered him removed from the country. Mr. Vasenin had 30 days to file an appeal of that decision to the Board of Immigration Appeals (BIA). *See* 8 C.F.R. § 1003.38(b). He

mailed a notice of appeal to the BIA on August 8, 2025. But the BIA rejected the appeal because it accepts only electronic filings. On August 15, 2025, Mr. Vasenin electronically filed his appeal. The BIA acknowledged receipt of the appeal.

While the appeal was pending, Mr. Vasenin was arrested by United States Immigration and Customs Enforcement (ICE) on October 14, 2025, in Chicago, Illinois. He has been detained since then. Meanwhile, on November 3, 2025 (the same day Mr. Vasenin filed this habeas petition), the BIA dismissed his appeal as untimely and called the immigration judge's decision "final." Mr. Vasenin filed a motion to reconsider, which still pends before the BIA.

Here, Mr. Vasenin argues that his continued detention is unlawful because, until his removal order is final, he is entitled under 8 U.S.C. § 1226(a) to a bond hearing before an immigration judge. The government counters that Mr. Vasenin's removal order was final on November 3, 2025, when the BIA dismissed his appeal. Therefore, it says, Mr. Vasenin is being detained under 8 U.S.C. § 1231(a)(1) and is still within the 90-day mandatory detention period authorized by statute. Because of this, the government argues that the petition is moot—that is, a habeas petition that challenges pre-final-order detention is moot once a final order has been entered. Alternatively, the government says, if Mr. Vasenin is still being considered detained under the pre-final-order statute, the court lacks subject matter jurisdiction over the petition.

The central issue is whether Mr. Vasenin is now subject to a final order of removal such that his detention is governed by § 1231. Mr. Vasenin argues that his pending motion to reconsider prevents the removal order from being deemed final. But neither

2

the statute nor the regulations allow a motion to reconsider to affect the finality of a removal order, and Mr. Vasenin provides no authority saying a motion to reconsider prevents a removal order from being treated as final.

Section 1231 designates when the "removal period" begins—namely, the latest of the following: (1) the "date the order of removal becomes administratively final," (2) the "date of the court's final order" if "the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," or "the date the alien is release from detention or confinement" if "the alien is detained or confined (except under an immigration process)." 8 U.S.C. § 1231(a)(1)(B). Neither of the last two situations apply here, so the court must look at when the removal order became administratively final. By statute, an order of deportation becomes final upon the earlier of (1) "a determination by the [BIA] affirming such order, or (2) "the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B)(ii). Associated regulations likewise make an immigration judge's removal order final upon "dismissal of an appeal by the [BIA]" or "expiration of the time allotted for an appeal if the respondent does not file an appeal within that time." 8 C.F.R. § 1241.1.

Regulations governing motions to reconsider further undercut Mr. Vasenin's position. The provision governing motions to reconsider with BIA explicitly says such a motion does not affect the execution of any order made in the case:

> Except where a motion is filed pursuant to the provisions of § 1003.23(b)(4)(ii) and (b)(4)(iii)(A), the *filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case.* Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the immigration judge, or an authorized

3

DHS officer.

8 C.F.R. § 1003.2(f) (emphasis added). Thus, by both statute and regulation, Mr. Vasenin's removal order became final, at the latest, when the BIA dismissed the appeal on November 3, 2025.

Mr. Vasenin's argument that his motion to reconsider prevents the removal order from becoming final is unconvincing. The cases he cites also don't support it. Rather troublingly, one such case, *Hussain v. Mukasey*, 518 F.3d 534, 539 (7th Cir. 2008), seems not to contain the quotation he attributes to it—not even the word "finality," much less the rest (and perhaps why his traverse fails to give the court a pinpoint cite). Indeed, in searching any case that might contain the petitioner's claimed quote, the court could find none in this circuit. In *Hussain*, the only reference to the removal period came in passing when the court of appeals noted that the petitioner's § 1231 removal period would begin once the appellate order, affirming the BIA decision, was entered. The finality of Mr. Vasenin's order doesn't depend on an appellate court's actions.

In *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004), the petitioner's removal order became final in 1996, and the Tenth Circuit analyzed a habeas petition under § 1231's post-final-order detention structure, but it noted that if his pending motion to reopen were successful in immigration court, he could file another habeas petition at that point. This undermines, rather than supports, a conclusion that a pending motion to reconsider affects the finality of a removal order. And *Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006), does not discuss when the statutory removal period ends; it discusses who the proper respondent is for an immigration detainee's habeas corpus petition.

4

Mr. Vasenin's case-built arguments fall short of altering the clear language of the statutory and regulatory scheme. Indeed, the court expects better.

At this point in time, Mr. Vasenin's detention is governed by 8 U.S.C. § 1231, which means his claim for relief based on pre-final-removal-order detention is moot. *See Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) (holding due process claim under § 1226 to be moot when statutory basis for detention shifts to post-final-order detention under § 1231); *see also E.F.L. v. Prim*, 986 F.3d 959, 963 (7th Cir. 2021) ("E.F.L.'s habeas petition is moot because it seeks to enjoin DHS from executing her removal order while her VAWA petition is pending, but that petition has now been approved."). Further, Mr. Vasenin is not entitled to relief from his current detention because he remains within the mandatory 90-day period under 8 U.S.C. § 1231(a)(1)(A).

Because Mr. Vasenin's pre-removal-order detention claim is moot, the court need not address the government's alternative arguments. Accordingly, the court DENIES the petition for a writ of habeas corpus (ECF 1), CAUTIONS petitioner's counsel in their citations and representations of authority, and DIRECTS the clerk to close this case.

SO ORDERED.

December 8, 2025                              *s/ Damon R. Leichty*
                                              Judge, United States District Court